```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

DAIMLERCHRYSLER FINANCIAL        :
SERVICES AMERICAS, LLC,          :
successor by merger to           :
DaimlerChrysler Services         :
North America, LLC,              :  Civil No. 1:03CV205
         Plaintiff               :
                                 :
     v.                          :
                                 :
VINCENT ALCARO,                  :
         Defendant               :
_____  :
```

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Paper 50)

The Court may grant summary judgment only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party has the initial burden of informing the Court of the basis for its motion and of identifying the absence of a genuine issue of material fact. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000).

When a motion for summary judgment is supported by affidavits and other documentary evidence, the opposing party must set forth specific facts showing there is a genuine, material issue for trial. See Forsyth v. Fed. Employment & Guidance Serv., 409 F.3d 565, 569-70 (2d Cir. 2005); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994).  In

this case, the defendant has filed no opposition to Plaintiff's Motion for Summary Judgment.

Nevertheless, "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  Accordingly, the Court will review the record to determine whether any material factual dispute exists.  See Sloane v. Getz, 150 Fed. Appx. 86 (2d Cir. 2005).  Where the movant has not submitted sufficient evidence to meet its burden, the motion for summary judgment, even if unopposed, must be denied.  See D.H. Blair & Co. Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

Upon review, the Court finds the plaintiff is entitled to summary judgment.  The record shows that, in March 2002, the plaintiff provided wholesale inventory floor plan financing to Alcaro Motor Sales, Inc. (hereinafter "Alcaro Motors"), which operated a motor vehicle dealership in Bennington, Vermont.  At all relevant times, the non-responding defendant, Vincent Alcaro, was the president and agent of Alcaro Motors.  Mr. Alcaro executed a personal guaranty on March 21, 2002, and is personally indebted to the plaintiff for the entire outstanding indebtedness of Alcaro Motors under the wholesale inventory floor plan

financing agreements.  See Continuing Guaranty (appended as exhibit to Affidavit of Neil Berry, Paper 53).

By June 2002, Alcaro Motors had defaulted under the parties' financing agreement.  It had, inter alia, impermissibly transferred vehicle inventory from Bennington to another Alcaro dealership in Massachusetts, and the company itself was below the required minimum capitalization requirements.  See, e.g., Paper 52 at 4 and exhibits thereto.  On or about July 22, 2003, the plaintiff delivered to Alcaro Motors an Acceleration and Termination Notice by which it demanded payment in full of all amounts due and owing under the parties' financing agreement. See Paper 52 at 5, and Paper 53, and attached exhibits.

Alcaro Motors' failed to comply with the Acceleration and Termination notice, and to pay plaintiff the outstanding balance and to allow possession of other collateral.  On July 28, 2003, the plaintiff commenced this action against Alcaro Motors and Vincent Alcaro for replevin and money damages.

In an effort to provide the parties an opportunity to settle this dispute, the Court, on December 18, 2003, issued an order permitting the defendant an opportunity to sell the assets of Alcaro Motors.  See Docket Minute Entry (Dec. 18, 2003).  The attempted sale was unsuccessful, and on February 17, 2004, Alcaro Motors filed a petition for bankruptcy in the United States

Bankruptcy Court for the District of Vermont, thereby resulting in a stay of this proceeding.

In bankruptcy, Alcaro Motors was unable to either reorganize or sell its assets, resulting in a conversion of the proceedings to one under Chapter 7.  On December 5, 2005, the stay in this case was lifted.

According to the plaintiff, since March 2006, it has attempted to have Mr. Alcaro execute the consent judgment the parties negotiated.  See Affidavit of Attorney Jackson (Paper 54) at paras. 14-15.  Having failed to secure Mr. Alcaro's signature, the plaintiff filed this motion.

According to the plaintiff,

> Mr. Alcaro was and is personally indebted to DaimlerChrysler Financial for the entire indebtedness of Alcaro Motors to DaimlerChrysler Financial in the sum of $508,181.23, as of November 6, 2006, plus interest at the rate specified in the respective financing agreements, until paid in full. . . . [P]laintiff only seeks a judgment for $400,000.00 at this time in order to avoid any genuine issue of fact regarding the reasonableness of keepers fees and attorneys fees.  The waiver of the sum of $108,181.23 more than offsets any amount which Vincent Alcaro may contest as unreasonable.

Affidavit of Neil Berry (Paper 53) at para. 19.

Based upon this record, the Plaintiff's Motion for Summary Judgment is GRANTED.  Based on the evidence plaintiff has submitted, including the Continuing Guaranty and the Affidavit of Neil Berry, Dealer Credit Manager for DaimlerChrysler Financial

Services Americas LLC, the plaintiff is hereby awarded the reasonable, requested amount of $400,000.  <u>See</u> Paper 54 at 5.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 19th day of January, 2007.

                              <u>/s/ J. Garvan Murtha</u>
                              J. Garvan Murtha
                              United States District Judge